**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Charles E. Syvertson, | ) | |
| | ) | |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| Tim Schuetzle, | ) | Case No. 1:06-cv-007 |
| | ) | |
| Defendant. | ) | |

Before the court is Petitioner Charles Syvertson's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, which was filed on February 1, 2006. The Honorable Daniel L. Hovland, Chief Judge of the District Court, has referred this matter to the undersigned for preliminary consideration. For the reasons set forth below, the undersigned recommends that the petition be dismissed without prejudice.

**I.    BACKGROUND**

In his petition, Syvertson challenges his January 7, 1998, state court conviction on two counts of gross sexual imposition. In addition, he challenges his August 13, 1998, state court conviction on two counts of gross sexual imposition and one count of kidnaping. As grounds for relief, he alleges:

1.   Due process under the 14th Amend violated due to the State's failure to disclose relevant information.

2.   Due process under the 14th Amend US violated by outragious [sic] conduct of state.

(Docket No. 1, Syvertson's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by Person in State Custody). The information and outrageous conduct to which Syvertson alleges relates to his

1

recent discovery of information about Dr. Kottke, who was a psychiatrist at the North Dakota State Hospital.

In the underlying state-court proceedings, Syvertson requested a mental competency evaluation, and the evaluation was conducted by Dr. Kottke. The results were not favorable and it was the state that subpoenaed Dr. Kottke as a potential witness to rebut Syvertson's mental competency defense. See Syvertson v. State, 2005 ND 128, ¶ 3, 699 N.W.2d 855. Dr. Kottke, however, did not testify as Syvertson withdrew his mental competency defense prior to trial. See id.

Syvertson claims in his present petition that he found out in October 2003 that Dr. Kottke had numerous problems with licensing authorities, first in Minnesota and then in North Dakota, for improper contact with female patients, nurses, and staff. According to Syvertson, Dr. Kottke was suspended in 1987 by the Minnesota Board of Medical Examiners for inappropriate sexual behavior, but was later hired at the North Dakota State Hospital, allegedly with full knowledge of his prior difficulties and over objections by at least one doctor. Syvertson also alleges that Dr. Kottke continued to practice under restrictions regarding his contact with female patients as a result of the findings of psychological examination in 1993. He further alleges that Kottke was disciplined again in 1999 for engaging in inappropriate sexual conduct, this time by North Dakota licensing authorities, and that he was fired by the State Hospital. (Docket No. 1, Memorandum/Supplement to Habeas Petition at 6-13)

Syvertson claims that the state's failure to disclose the information about Kottke's pre-1999 record constitutes a violation of his due process rights under Brady v. Maryland, 373 U.S. 83 (1963), and also amounts to outrageous conduct in violation of the Due Process Clause of the Fourteenth

Amendment. Although Kottke did not testify at trial, Syvertson claims he was prejudiced in other ways. He claims Dr. Kottke's report was used at his sentencing to his prejudice and that, if he had known of Kottke's background, he (1) would not have consented to his examination or, at the very least, requested another expert, and (2) would have used the information to impeach the credibility of Dr. Kottke's report at sentencing. He also claims that he was prejudiced by being prevented from presenting a diminished capacity defense (implying that a more competent physician would have established such a defense), prejudiced in dealing with the prosecutor in plea bargaining, and prejudiced in terms of his trial strategies. (Docket No. 1, Memorandum/Supplement to Habeas Petition)

Syvertson has filed previous petitions with this court for both of the state-court convictions that are the subject of his present petition. On June 1, 2000, Syvertson filed a § 2254 habeas petition challenging his August 13, 1998, conviction. ( See Case No. 1:00-cv-080 at Docket No. 1) The petition alleged:

1. Violation of petitioner's right to appear pro se.

2. A suggestive 6-person photo line-up violated petitioner's due process rights.

3. One-on-one showing of pictures of petitioner and petitioner's car to crucial witnesses and the victim violated petitioner's due process rights.

4. Line-up shown to witnesses violated petitioner's due process rights.

5. Seizure of petitioner's clothes was an unlawful seizure under the 4th Amendment, and violated petitioner's due process rights.

6. A July 29, 1997, psychological evaluation violated petitioner's 6th and 5th Amendment rights, and his due process rights.

7. Search of the trunk of petitioner's car was unlawful under the 4th Amendment, and violated petitioner's due process rights.

8. Petitioner's right to a fair trial and due process of law was violated by the trial judge's prejudice from exposure to the habitual offender notice.

9. Petitioner's sentence was in violation of due process.

10. Premature disclosure of the Habitual Offender notice by the judge signing the motion to seal prejudiced the judge and denied petitioner a fair trial and due process.

11. Denial of petitioner's motion for extension of motion deadline and motion for continuance of trial denied petitioner due process.

12. Failure to allow petitioner post-conviction possession of rape examination photos and videotape violated his due process rights.

13. The actions of the State in this matter were cumulatively outrageous, and denied petitioner due process of law.

(Id. at Docket Nos. 1 and 18) Ultimately, this court dismissed the petition on the merits, certified that an appeal *in forma pauperis* would be frivolous, and declined to issue Syvertson a certificate of appealability. (See id. at Docket Nos 18 & 28) Syvertson then appealed the court's decision to the Eighth Circuit, but was unsuccessful. (See id. at Docket No. 31) On March 23, 2001, the Eighth Circuit entered Judgment, denying Syvertson's request for a certificate of appealability and dismissing his appeal. (See id. at Docket No. 34)

On January 8, 2002, Syvertson filed a § 2254 habeas petition challenging his January 7, 1998, state court conviction. (See Case No. 1:02-cv-002, Docket No. 3) The petition alleged:

1. Syvertson's Fifth Amend right to counsel, Fifth Amend right against self incrimination and due process of law was violated by the use of Syvertson's statements at trial.

2. Syvertson was denied due process of law and fair hearings on 23 Dec. 97 (Suppression), on 6 Jan 98 (admissibility of note), on 6 Jan 98 (trial), and in the ND Supreme Court, because the State failed to disclose the 17 May 97 Officer Ross Renner police report which stated that Syvertson demanded counsel.

4

3. Syvertson received ineffective assistance of counsel in violation of the 6th Amend . . . and due process of law under the 14th Amend.

4. Syvertson was denied his 6th Amend right to confrontation and due process of law under the 14th Amend of the U.S. by: (A) the Honorable Norman J. Backes refusing to allow Syvertson to impeach officer Don Hukee by the viewing of the 19 May 97 interrogation tape; (B) the Honorable Norman J. Backes not allowing Syvertson to question officers about the totality of the circumstances that lead to the note being given on 21 May 97.

5. 23 Dec 97 order granting partial summary judgment is void. The trial court thus did not have jurisdiction to proceed forward.

6. Use of Hukee's testimony violated Syvertson's right to due process of law and 6th Amend right to confrontation (14th Amend U.S. and 6th Amend U.S.).

7. Syvertson was denied due process of law under the 14th Amend U.S. by a deception in discovery materials. Further, this made the following other violations clear after knowing this discovery violation: (A) chain of custody was broken denying due process (14th Amend); (B) Syvertson's counsel was ineffective in violation of 6th Amend US and due process under 14th Amend.

8. Syvertson was denied due process of law under the 14th Amend U.S. Constitution by the Cass County District Court's post conviction dismissal order.

9. Syvertson was denied due process under the 14th Amend of US Constitution by the premature disclosure of the dangerous special offender-habitual offenders-extended sentence notice to the Fargo Forum newspaper after being 'sealed.'

10. Respondent has extended Petitioner's sentence because Petitioner asserted his 5th Amend rights against self incrimination and had refused to sign a I.PP. while he was pending appeals.

11. Respondent has extended Petitioner's sentence because Petitioner has asserted his 5th Amend rights against self incrimination and refused to comply with I.P.P. program while on appeals.

12. Respondent has placed other sanctions upon the Petitioner because the Petitioner has asserted his 5th Amend rights against self incrimination and refused to comply with a I.P.P. program while on appeals.

>    13.    Respondent has extended Petitioner's sentence because Petitioner has asserted his 5th and 6th Amend rights to counsel and refused to comply with a I.P.P program while on appeals.
>
>    14.    Respondent has placed other sanctions upon the Petitioner because the Petitioner has asserted his 5th Amend and 6th Amend rights to counsel and refused to comply with a I.P.P. program while on appeals.

(Id. at Docket Nos. 3 and 79) On October 31, 2002, the court dismissed the petition on the merits, certified that an appeal *in forma pauperis* would be frivolous, and declined to issue a certificate of appealability. (See id. at Docket No. 79) Undaunted, Syvertson appealed the court's decision. (See id. at Docket No. 85) The Eighth Circuit denied the application for a certificate of appealability and dismissed his appeal on May 12, 2003. (See id. at Docket No. 88)

## II.    DISCUSSION

Before requiring the petitioner to file a response to the present petition, the court must satisfy itself that the present petition does not constitute a "second or successive" petition within the meaning of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). This is because AEDPA provides in relevant part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
>    (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
>       (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>       (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. §§ 2244(b)(1)-(3)(A); see also Singleton v. Norris, 319 F.3d 1018, 1023 (8th Cir. 2003) ("Section 2244 requires dismissal of a second or successive petition unless the claim raised asserts a new rule of constitutional law or raises new facts that establish the petitioner's innocence of the underlying offense.").

One reading of § 2244(b)(1)-(3) is that any time there is a second petition for habeas relief that its provisions apply, including the requirement for obtaining circuit court permission before the district court can entertain the petition. However, the Eighth Circuit, along with a number of the other circuit courts, have held that pre-AEDPA abuse-of-writ principles should be considered in interpreting AEDPA's provisions because of AEDPA's failure to define more precisely what constitutes a "second or successive" petition. Crouch v. Norris, 251 F.3d 720, 723-725 (8th Cir. 2001); Vancleave v. Norris, 150 F.3d 926, 927-928 & n.2 (8th Cir. 1998); see generally Benchoff v. Colleran, 404 F.3d 812, 815-817 (3rd Cir. 2005). Applying these principles, a habeas petition will generally be considered "second or successive" (thereby requiring circuit court permission under §2244(b)(3)(A)) if the claims were presented or could have been presented in an earlier petition that has been denied on the merits, but generally will not be considered "second or successive" (and not requiring circuit court permission) when the prior petition has been dismissed without prejudice for non-merit reasons (e.g., failure to exhaust state remedies, failure to comply with technical requirements, rejection of the petition because it is unintelligible, etc.) or when the claims could not

have been included in the prior petition because the challenged conduct had yet occurred. See id; see also Benton v. Washington, 106 F.3d 162, 164 (7th Cir. 1996).

In this case, Syvertson has filed prior habeas petitions challenging the same convictions that are the subject of the present petition and the earlier petitions were dismissed on the merits. Syvertson claims, however, that his present petition sets forth new grounds that are based on evidence that was not reasonably discoverable prior to the disposition of his prior habeas petitions. For purposes of considering the threshold jurisdictional issue, Syvertson's contention that he could not have discovered the facts upon which he relies exercising reasonable diligence will be assumed to be true.[1] Thus, the jurisdictional issue is this: does a second habeas petition containing new habeas claims, which are allegedly based upon evidence not reasonably available when the first petition was disposed of on the merits, constitute a "second or successive" petition within the meaning of § 2244(b)(1)-(3) so that circuit court permission is required before proceeding?

Prior to AEDPA, this court would have had jurisdiction over Syvertson's petition and would have considered whether or not it should be barred as a successive petition under pre-AEDPA abuse-of-writ principles. See, e.g., McCleskey v. Zant, 499 U.S. 467 (1990). And, while the Eighth Circuit has said that pre-AEDPA abuse-of-writ principles are still relevant in construing whether petitions should be considered "second or successive" within the meaning of AEDPA's gate-keeping provisions, AEDPA has made changes to the pre-AEDPA law in this area and its provisions apply when that is the obvious intent. See, e.g., Vancleave v. Norris, 150 F.3d at 929.

In this case, the present petition is clearly "second or successive" within the meaning of § 2244(b)(1)-(3) in that Syvertson's earlier petitions were disposed of on the merits, so there is no

---

[1] The North Dakota Supreme Court rejected this contention when it considered Syvertson's request post-conviction relief prior to filing in this court. Syvertson v. State, 2005 ND at ¶ 9.

question about the earlier petitions being "first." Id.  Further, the plain meaning of § 2244(b)(1)-(3) is that its provisions would apply to claims not presented in an earlier petition that are based on newly discovered evidence given the language used in § 2244(b)(2)(B)(i) that expressly addresses this subject.  See  Gonzalez v. Crosby, 545 U.S. __, 125 S.Ct. 2641, 2647-48 (2005); Tyler v. Purkett, 413 F.3d 696, 705 (8th Cir. 2005); Singleton v. Norris, 319 F.3d at 1023.

In fact, the Eighth Circuit's decision in Tyler v. Purkett is essentially dispositive.  In Tyler, as in this case, the petitioner brought a Brady claim in a successive petition and argued the claim was based on newly discovered evidence.  In dismissing the claim, the Eighth Circuit applied the gate-keeping provisions of § 2244(b)(1)-(2) and not pre-AEDPA abuse-of-writ principles.  More particularly, it held that the Brady claim was barred under § 2244(b)(1) because it had been presented in a prior petition, but, even if it had not, it was also barred because the petitioner was incapable of proving that, but for the alleged constitutional error, no reasonable factfinder would have found him guilty of the underlying offense as required by § 2244(b)(2)(B)(ii).  413 F.3d at 705.

Finally, the case-law exception for claims that could not have been brought at the time of the filing of the initial petition because the challenged conduct had not yet occurred is not applicable. Cf.  Benchoff v. Colleran, 404 F.3d at 815-817; Crouch v. Norris, 251 F.3d 720, 723-725 (8th Cir. 2001). In this case, the alleged failure to provide the information related to Dr. Kottke took place prior to the state-court prosecutions or, at the very latest, prior to sentencing.

Consequently, circuit court approval is required before Syvertson can proceed, and the present petition must be dismissed without prejudice because of lack of jurisdiction.

### III.     **CONCLUSION**

Based on the foregoing, it is **HEREBY RECOMMENDED** that Syvertson's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody be dismissed without prejudice for lack of jurisdiction because the court has not received permission from the Eighth Circuit Court of Appeals to consider the Petition as required by 28 U.S.C. § 2244(b)(3)(A).

### NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to Local Rule 72.1(3)(4), any party may object to this recommendation within ten (10) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken.

Dated this 16th day of February, 2006.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge